IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIM. CASE NO. 3:20-cr-87-ECM |
| | ) |
| SHIRLEY ANN MOREMAN | ) |
| MENDE LEONE | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is Defendants Shirley Ann Moreman and Mende Leone's unopposed joint motion to continue trial (doc. 32) filed on January 15, 2021. Jury selection and trial are presently set on the term of court commencing on February 22, 2021. For the reasons set forth below, the court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §

3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(i), (iv).

Counsel for the Defendants represent to the Court that they need additional time to evaluate the case, prepare a defense and advise their clients.  Counsel need additional time to review discovery, which is voluminous.  In addition, due to the national pandemic caused by Coronavirus Disease 2019 (COVID-19), the Defendants' ability to secure records and interview witnesses has been impeded.  The government does not oppose a continuance.  After careful consideration, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendanst in a speedy trial.  Thus, for good cause, it is

ORDERED that the joint motion to continue (doc. 32) is GRANTED, and jury selection and trial are CONTINUED from February 22, 2021 to the criminal term of court set to commence on May 17, 2021 at 10:00 a.m. in Montgomery, Alabama.  All deadlines tied to the trial date are adjusted accordingly.

The United States Magistrate Judge shall conduct a pretrial conference prior to the May trial term.

Done this 19th day of January, 2021.

                                              /s/Emily C. Marks
                                      EMILY C. MARKS
                                      CHIEF UNITED STATES DISTRICT JUDGE